UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHLEEN ESCOBEDO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18 CV 226 |
| ) | |
| JOHN C. BUNCICH and LAKE ) | |
| COUNTY, INDIANA, ) | |
| ) | |
| Defendants. ) | |

## OPINION and ORDER

Plaintiff Kathleen Escobedo ("Escobedo") brings claims against former Lake County Sheriff John C. Buncich ("Buncich") and Lake County, Indiana ("Lake County") pursuant to 42 U.S.C. § 1983. (DE # 1 at 1.) The matter is now before the court on defendant Buncich's motion to dismiss. (DE # 15.) For the reasons set forth below, the motion will be denied.

I. BACKGROUND

Plaintiff is a female who is employed by Lake County as a correctional officer. (DE # 1 at 2.) She performs duties in the Lake County Jail. (*Id.*) She alleges that in May 2016, she was placed on administrative leave after being erroneously accused of causing an inmate to escape from custody. (*Id.*)

At the time, Buncich was the Sheriff of Lake County and plaintiff's supervisor. (*Id.* at 3.) Plaintiff alleges that Buncich gave her a fifteen-day suspension starting on June 13, 2016, for allegedly causing the escape. (*Id.* at 3–4.) She also alleges that Buncich caused her to be removed from the "SWAT" team for approximately six months, and

that she was barred from certain overtime opportunities. (*Id*. at 4.)

In contrast, plaintiff alleges that similarly situated male correctional officers who were also associated with the escape were treated more favorably than plaintiff. (*Id*. at 3.) She states that Buncich "intentionally and purposely treated [her] less favorably because she is female." (*Id*. at 3.)

Based on these facts, plaintiff filed a complaint in this court on June 12, 2018. (DE # 1.) The complaint contains three claims for violation of the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. (*Id*. at 4–9.)

On August 24, 2018, Buncich filed a motion to dismiss. (DE # 15.) Buncich argues that the court should dismiss Count I of the complaint. (DE # 16 at 1.) Count I is an individual capacity claim against Buncich, alleging that he violated plaintiff's rights under the Equal Protection Clause. (DE # 1 at 3.) Plaintiff responded to the motion (DE # 18), and Buncich filed a reply brief (DE # 19). The motion is now fully briefed and ripe for ruling.

## II. LEGAL STANDARD

Buncich has moved to dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a Rule 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus* , 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662–63 (7th Cir. 2011); *Twombly*, 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities).

## III.   DISCUSSION

A discriminatory act against an individual member of a protected class can amount to an Equal Protection claim. *Bohen v. City of E. Chicago, Ind.*, 799 F.2d 1180, 1186–87 (7th Cir. 1986). It is undisputed that plaintiff, as a woman, is a member of a protected class. However, merely alleging discrimination against a woman is not enough to state a claim. Plaintiff must also allege "an intent to discriminate [against plaintiff] because of her status as a female and not because of characteristics of her gender which are personal to her." *Trautvetter v. Quick*, 916 F.2d 1140, 1151 (7th Cir.

3

1990). In other words, plaintiff "must show that the decisionmakers in [her] case acted with discriminatory purpose." *Chavez v. Illinois State Police*, 251 F.3d 612, 645 (7th Cir. 2001) (internal quotation marks omitted).

Buncich moves to dismiss Count I on the grounds that (1) plaintiff has failed to properly allege discriminatory intent or purpose, and (2) to the extent she does allege such intent or purpose, her allegations are conclusory and cannot be accepted by this court.[1] (DE # 16 at 3.)

As to the first argument, the court finds that, on the face of the complaint, plaintiff does allege that Buncich acted with discriminatory purpose. In fact, plaintiff clearly states this multiple times. She alleges that Buncich "treated [p]laintiff less favorably because she is female," "discriminated against [p]laintiff in terms and conditions of employment because she is female," and "impos[ed] unequal treatment of and on [p]laintiff because she is female." (DE # 1 at 3–4.) She also states that the "more favorable treatment of male correctional officers (and less favorable treatment of female correctional officers) occurred because of [p]laintiff's sex." (*Id*. at 4.)

Although plaintiff makes numerous allegations regarding intent, Buncich argues that the court should not accept these allegations because they are conclusory. (DE # 16 at 3.) Buncich is correct that while the court must accept plaintiffs' factual allegations as true for the purposes of a motion to dismiss, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] The analysis section of Buncich's brief is only two pages long and contains no other arguments. (DE # 16 at 3–4.)

Buncich argues that plaintiff's allegations can be disregarded as merely "threadbare recitation[s] of [the] elements" of an Equal Protection claim, rather than actual "factual allegations . . . suggest[ing] [p]laintiff was treated differently because of her gender." (DE # 16 at 4.)

However, the court disagrees with Buncich's characterization of the allegations. Plaintiff does not merely recite that Buncich had discriminatory intent; she supports that assertion with the allegation that Buncich treated similarly situated male correctional officers in a different manner. From this fact, the court can infer the difference in treatment was due to an intent to discriminate based on sex. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Buncich also attempts to compare the case at hand to two cases in which the Northern District of Illinois dismissed Equal Protection claims for failing to allege facts other than the plaintiff's race in support of those claims. (*Id.* at 3–4 (citing *McDonald by McDonald v. Haskins*, No. 90 C 2797, 1991 WL 61036 (N.D. Ill. Apr. 10, 1991), aff'd, 966 F.2d 292 (7th Cir. 1992) and *Jones v. City of Chicago*, 639 F. Supp. 146, 152 (N.D. Ill. 1986)).) In *Haskins*, the court wrote "plaintiff's conclusory allegation that defendant mistreated him because he is black is insufficient to state an equal protection claim. Plaintiff has failed to plead any facts, apart from his own race, from which the court can draw an inference that defendant's actions were at all motivated by plaintiff's race." 1991 WL 61036, at *1 (internal citations omitted).

5

However, once again, the court finds that, in the case at hand, plaintiff's additional allegation regarding similarly situated male correctional officers allows the court to draw the inference that the Northern District of Illinois could not in *Haskins*: Buncich's actions were motivated by plaintiff's membership in a protected class. Additionally, the fact that Escobedo worked with Buncich and had personal knowledge of his behavior with respect to her and other employees over a larger timespan also differentiates her case from those cited by Buncich which involved alleged discrimination by police officers against members of the public.

Accordingly, the court finds that plaintiff has properly alleged Buncich's discriminatory intent and that the allegations are not conclusory. Therefore, Buncich has not demonstrated that plaintiff has failed to state a claim under the Equal Protection Clause. For the foregoing reasons, the court **DENIES** the motion to dismiss (DE # 15).

**SO ORDERED.**

Date: March 25, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT