UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KATHLEEN ESCOBEDO, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:18 CV 226 |
| JOHN C. BUNCICH and LAKE COUNTY, INDIANA, | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendant Lake County, Indiana's motion to dismiss. (DE # 20.) For the reasons set forth below, the motion will be granted.

I.  BACKGROUND

Plaintiff Kathleen Escobedo is employed as a correctional officer at the Lake County Jail. (DE # 1 at 2.) According to her complaint, the then-Sheriff, defendant John Buncich, suspended Escobedo after erroneously accusing her of causing an inmate's escape. (*Id.*) Escobedo alleges that similarly situated male correctional officers who were also associated with the escape were treated more favorably. (*Id.*) She believes that this discrepancy was due to her sex. (*Id.* at 3.)

Escobedo's complaint alleges two counts against Lake County. In Count II, Escobedo alleges that Lake County is liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) for defendant Buncich's alleged violation of her rights under the Equal Protection Clause. (DE # 1 at 6.) Escobedo claims that the County had "customs, policies, and practices which included fostering a work environment in

which Mr. Buncich was permitted to treat Plaintiff and other female officers less favorably as to matters of alleged wrongdoing and discipline" and that women were treated less favorably than men generally. (*Id.* at 7.) Count III appears duplicative of Count II.

The County has moved to dismiss the claims against it on two bases. (DE ## 20, 21.) First, it argues that Escobedo failed to allege sufficient factual allegations to proceed with her *Monell* claim. (DE # 21 at 3.) Second, it argues that it does not have an agency relationship with the Lake County Sheriff's Department, and therefore cannot be held liable for the decisions made by the Department or Sheriff. (*Id.* at 5.)

## II. LEGAL STANDARD

Lake County has moved to dismiss Escobedo's claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. DISCUSSION

Lake County argues that it cannot be held liable for the alleged actions of defendant Buncich because the County does not have an agency relationship with the Sheriff's Department. (DE # 21 at 5.) Escobedo did not address this aspect of the motion.

Escobedo named Lake County as a defendant and, thus, is suing the Board of Commissioners of Lake County, as the Board of Commissioners is the executive of the county. *See Waldrip v. Waldrip*, 976 N.E.2d 102, 118 (Ind. Ct. App. 2012).

A local government is liable under Section 1983 for its policies that cause constitutional torts. *Monell*, 436 U.S. at 690. To determine whether a particular local government is responsible for the policy at issue, courts must look to state law. *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 786 (1997). Under Indiana law, the Lake County Sheriff's Department is an entity separate from Lake County, and operates independently. *Kocon v. Lake Cty. Sheriff's Dep't*, No. 206-CV-13-PRC, 2007 WL 1959239, at *8 (N.D. Ind. June 29, 2007); *Argandona v. Lake Cty. Sheriff's Dep't*, No. 2:06 CV 259, 2007 WL 518799, at *3–6 (N.D. Ind. Feb. 13, 2007); Ind. Const. Art. VI, § 2. "[T]he county sheriff is the final policymaker for law enforcement in his or her particular jurisdiction." *Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995). The county sheriff and the county are not responsible for each other's actions. *Estate of Drayton v. Nelson*, 53 F.3d 165, 167-68 (7th Cir. 1994); *Raketich v. Porter Cty., Ind.*, No. 2:09-CV-417 JVB, 2010 WL 2195293, at *1 (N.D. Ind. May 28, 2010). "'[T]he law is well-settled that county commissioners do not have control over the acts of a sheriff.'" *Waldrip*, 976 N.E.2d at 119 (internal citation

omitted). *See also Radcliff v. County of Harrison*, 627 N.E.2d 1305, 1306 (Ind. 1994); *Carver v. Crawford*, 564 N.E.2d 330, 333–34 (Ind. Ct. App. 1990).

The relevant case law establishes that Lake County does not have the authority to make policy or custom for the Lake County Sheriff's Department. Because Lake County cannot exert control over the Sheriff's Department, it cannot be liable for the decisions, policies, and customs of that department. *See Holl v. Indiana*, No. 3:18CV1-PPS/MGG, 2018 WL 3008671, at *5 (N.D. Ind. June 15, 2018)*; Bickel v. Sheriff of Whitley Cty.*, No. 1:08-CV-102-TS, 2010 WL 1258165, at *4 (N.D. Ind. Mar. 26, 2010); *Vandewalle v. Moffa*, No. 3:07-CV-400 PS, 2009 WL 631244, at *3 (N.D. Ind. Mar. 10, 2009); *Burton v. Lacy*, No. 1:07CV0918 JDTTAB, 2008 WL 187552, at *4–6 (S.D. Ind. Jan. 18, 2008). Thus, Escobedo's complaint fails to state a plausible claim for relief against Lake County and the motion to dismiss will be granted.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant Lake County, Indiana's motion to dismiss. (DE # 20.) All claims against defendant Lake County, Indiana are **DISMISSED** and this defendant is **TERMINATED** from the case.

**SO ORDERED.**

Date: May 20, 2019

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT